1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARY LOU MAR,

11          Plaintiff,                    No. CIV S-08-0644 EFB

12      vs.

13   UNITED STATES OF AMERICA,

14          Defendant.                    <u>ORDER</u>

15   _____/

16          Previously pending on this court's law and motion calendar for January 7, 2009, was

17   defendant's motion to dismiss or for summary judgment.  Assistant U.S. Attorney Jason

18   Ehrlinspiel appeared on behalf of defendant United States.  No appearance was made on behalf

19   of plaintiff, who is represented by attorney Erik Child.  Mr. Child did, however, file an

20   opposition to the motion which acknowledged his awareness of the date, time and location for

21   the hearing.[1]

22   ////

23   _____

24      [1] The court twice called this matter, first at the beginning, then at the end of the court's
     law and motion calendar.  Mr. Child previously failed to appear at a hearing scheduled before
25   this court on October 22, 2008.  The court issued an order to show cause which was discharged
     after Mr. Child timely responded in writing and appeared at the next scheduled hearing.  *See*,
26   Dckt. Nos. 15, 16, 19-21.

                                             1

This action proceeds before the undersigned for all purposes pursuant to 28 U.S.C. § 636(c). For the following reasons, the court dismisses this action.

BACKGROUND

The complaint, filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2401 *et seq.*, alleges negligence by the employees of defendant U.S. Postal Service ("USPS" or "agency"), at its Brookfield Drive location in Sacramento. The complaint states that on April 3, 2006, plaintiff slipped on water accumulated on the floor of the post office lobby, and fell, injuring her spine, a direct and proximate result of defendant's negligence. The complaint seeks $900,000 in damages.

On April 30, 2007,[2] plaintiff presented to defendant an administrative tort claim, set forth in a detailed letter in which she sought $200,000 settlement for her injuries, medical expenses and lost wages. Def.'s Mot., Exh. A. On December 10, 2007, plaintiff presented to defendant a completed and executed Standard Form 95 ("SF-95" of "Form 95"), seeking $750,000 in damages. *Id.*, Exh. B.

Plaintiff filed this action on March 24, 2008, seeking $900,000 in damages.

Thereafter, on May 6, 2008, and again on May 17, 2008, USPS mailed a "final denial" letter to plaintiff's counsel by certified mail. The first letter, sent to counsel's former office, was returned. *Id.*, Exh. C. Plaintiff's counsel signed for and accepted the second letter on June 2, 2008. *Id.*, Exh. E. Because the letters are identical,[3] and the first letter was returned, the operative letter is that mailed May 17, 2008. *See, e.g.*, *Graham v. United States,* 96 F.3d 446,

---

[2] Presentation of an FTCA claim must be made within two years of the accrual of the claimant's cause of action. 28 U.S.C. § 2401(b). A claim is deemed "presented" to the federal agency upon its receipt. *See* 28 C.F.R. § 14.2(a); *see also* 39 C.F.R. § 912.5(a) (procedures for adjudicating claims against the U.S. Postal Service); *Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1249 (9th Cir. 2006) (mailbox rule does not apply to FTCA cases).

[3] The "final denial" letters are identical except for bearing different composition dates and certified mail numbers. Both letters reference only plaintiff's "administrative claim," "Our File No. NT200721506," and the six-month deadline for filing a civil complaint. The letters do not reference plaintiff's administrative filing of April 26, 2007 or December 5, 2007.

448 (9th Cir. 1996) ("The time for filing a district court action begins to run when the agency mails the notice of denial. *See* 28 U.S.C. § 2401(b)."); *see also* 28 C.F.R. § 14.9(a) (plaintiff may file suit "not later than 6 months after the date of mailing of the notification").

On June 5, 2008, plaintiff served her previously-filed judicial complaint upon defendant. Defendant answered the complaint on July 30, 2008, and filed this motion on December 5, 2008.

Defendant contends that plaintiff's complaint was prematurely filed because her second administrative filing, on December 10, 2007, constituted an "amended claim" that reset the six-month period within which the administrative agency could act, 28 U.S.C. § 2675, thus rendering this court without subject matter jurisdiction due to plaintiff's failure to exhaust her administrative remedies.

Plaintiff responds that her Form 95 filing was intended, and should be construed, as only a reminder to USPS of plaintiff's initial claim, filed April 30, 2007, and therefore that the six-month period for agency action expired on October 30, 2007, rendering her action timely filed in this court on March 24, 2008.

LEGAL STANDARDS

Defendant moves to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").[4] "[W]here a jurisdictional issue is separable from the merits of the case, the Court may determine jurisdiction by the standards of a Rule 12(b)(1) motion to dismiss for lack of jurisdiction." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial,

---

[4] Rule 12(h)(3), rather than Rule 12(b)(1), is the proper vehicle for this motion, because defendant has already filed an answer. *Cf.* Rule 12(b)(1) (lack of jurisdiction as a defense). This motion need not be construed as one for summary judgment, as defendant alternatively moves, since the court may properly refer to matters outside the pleadings in considering a motion to dismiss unrelated to the merits of the action. *See* discussion, *infra*.

resolving factual disputes where necessary. *See Thornhill Publishing Co. v. General Telephone Corp.,* 594 F.2d 730, 733 (9th Cir.1979). In such circumstances, '[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.' *Thornhill,* 594 F.2d at 733." *Augustine v. United States*, 704 F. 2d 1074, 1077 (9th Cir. 1983).

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). Lack of subject matter jurisdiction is so fundamental that it may be raised at any time by any party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc*., 93 F.3d 593, 594-95 (9th Cir. 1996). Plaintiff bears the burden of demonstrating the court's jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction"). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case," unless the defect can be remedied by amendment. *Smith v. McCullough*, 270 U.S. 456, 459 (1926); *see also Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

ANALYSIS

The Federal Tort Claims Act is the exclusive vehicle for filing a tort action against a federal agency. *See* 28 U.S.C. § 2679; *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam). "The Act vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). "Unless Congress enacts legislation that subjects the federal government to tort liability, the United States, as sovereign, cannot be sued. The FTCA is a limited waiver of the federal government's historical immunity from tort liability." *Marley v.*

4

*United States*, 548 F.3d 1286, 1289 (9th Cir. 2008).

The FTCA "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (citing 28 U.S.C. § 2675(a)).[5] Upon an agency's denial of a claim, or expiration of the six months within which the agency may act, 28 U.S.C. § 2675(a), the claimant has six months within which to file an action in federal court, 28 U.S.C. § 2401 (b).[6]

A claim is deemed to have been presented to a federal agency upon the agency's receipt of a Form 95 executed by the claimant or her legal representative, or other written notification of the challenged incident "accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a).[7] Amendment to a claim may be made at any time prior to final agency action or, thereafter, within the six-month period within which the claimant may exercise, but has not yet exercised, her right to file a judicial action. 28 C.F.R. § 14.2(c).[8]

---

[5] 28 U.S.C. § 2675(a) provides in pertinent part: "An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

[6] 28 U.S.C. § 2401(b) provides in pertinent part: "A tort claim against the United States shall be forever barred unless it is . . .begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *See also* 28 C.F.R. § 14.9(a) (plaintiff may file suit "not later than 6 months after the date of mailing of the notification").

[7] 28 C.F.R. § 14.2(a) provides: "For purposes of the provisions of 28 U.S.C. §§ 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident."

[8] 28 C.F.R. § 14.2(c) provides: "A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a). Amendments shall be submitted

As plaintiff contends, *if* her original administrative claim filed April 30, 2007, remained operative, such claim would have been administratively final on October 30, 2007, thus triggering the six-month period for filing a judicial action, and rendering the instant action timely filed on March 24, 2008. This construction would require adoption of plaintiff's position that her second administrative filing, on December 10, 2007, was only a "reminder" of her pending claim, not an "amended claim," and that the agency's "final denial" letter was sent in response to plaintiff's first administrative filing. Plaintiff argues that the purpose of the second filing was only "an effort to remind the administration to respond to the original claim prior to [plaintiff] filing suit and imposing upon the court's limited resources." Pl.'s Opp'n, at p. 3. Plaintiff explains that the completed Form 95 comprised only a single page, as compared to her six-page, detailed initial claim letter, and contained no new information.

There is no legal support for plaintiff's position. Plaintiff directs the court to no case, and the court has found none, in which an ambiguous second administrative filing, filed within the period authorized for an amended claim, was construed as other than an amended claim. Moreover, plaintiff's second filing was not substantively "redundant" of her initial filing but presented new information by increasing plaintiff's damages claim from $200,000 to $750,000. This change is significant. An administrative filing will not be deemed a "claim" under the FTCA unless it seeks damages in a "sum certain." *See* 28 C.F.R. § 14.2(a), and n. 5, *infra; see also Avril v. United States*, 461 F.2d 1090, 1091 (9th Cir. 1972) (failure to state sum certain amount of damages renders claim a nullity); *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974) (sum certain also required to identify claims requiring the approval of the Attorney General for settlement pursuant to 28 U.S.C. § 2672, and to evaluate insurance coverage). The amount sought in an administrative claim is also significant because it limits the amount of

in writing and signed by the claimant or his duly authorized agent or legal representative. Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of an amendment."

damages that may be sought in a judicial action.  *See* 28 U.S.C. § 2675(b).[9]  These factors

compel this court's construction of plaintiff's "Form 95" as an amendment to her initial claim.

That defendant made the same inference is implied by the timing of its final denial letter.  That

letter was mailed on May 17, 2008, within six months of plaintiff filing her Form 95 on

December 10, 2007.  It is unreasonable to construe defendant's final denial letter as referencing

plaintiff's initial filing of April 30, 2007, because more than a year had passed – that is,

expiration of the time period for plaintiff's initial claim to be deemed denied by the agency's

inaction was October 30, 2007, and the ensuing six-month period within which plaintiff could

file her judicial complaint expired on April 30, 2008.

   The court therefore concludes that plaintiff's Form 95 filing effectively amended her

initial claim, restarting the six-month period for agency action, and thus rendering her judicial

action premature.

   Defendant's numerous citations prescribe the draconian result of dismissal, concededly

calamitous to individual plaintiffs.  As the Supreme Court has explained, the FTCA requires

"complete exhaustion of [administrative] remedies before invocation of the judicial process,"

which necessarily requires strict compliance with statutory requirements.  *McNeil, supra,* 508

U.S. at 112 (dismissing complaint as premature because filed before plaintiff submitted an

administrative claim).  As the Court stated:

> Every premature filing of an action under the FTCA imposes some burden on the
> judicial system and on the Department of Justice which must assume the defense
> of such actions.  Although the burden may be slight in an individual case, the
> statute governs the processing of a vast multitude of claims.  The interest in
> orderly administration of this body of litigation is best served by adherence to the
> straightforward statutory command. . . .The remedy for noncompliance is simple:

---

[9]  A judicial complaint may not seek more than the amount of the claim presented to the
federal agency, unless based upon newly discovered evidence not reasonably available when the
administrative claim was presented.  *See* 28 U.S.C. § 2675(b) ("Action under this section shall
not be instituted for any sum in excess of the amount of the claim presented to the federal
agency, except where the increased amount is based upon newly discovered evidence not
reasonably discoverable at the time of presenting the claim to the federal agency, or upon
allegation and proof of intervening facts, relating to the amount of the claim.").

1  any complaint filed before complete exhaustion must be dismissed.

2  *Id.* at 112-113

3      The Supreme Court's holding in *McNeil* reflected the approach adopted by the Ninth

4  Circuit, *see Jerves v. United States*, 966 F.2d 517 (9th Cir. 1992) (dismissing as premature a

5  complaint filed five months before plaintiff filed her administrative claim, distinguishing the

6  more permissive approaches of the Third and Eighth Circuits), and has continued to be reflected

7  in the decisions of this district dismissing FTCA complaints filed less than six months after

8  presentation of the plaintiff's administrative claim. *See, e.g., Sparrow v. U.S. Postal Service,*

9  825 F. Supp. 252, 254-55 (E.D. Cal. 1993) (Wanger, J.); *Soto v. United States*, No.

10  CIV-S-07-00866- FCD- DAD, 2007 WL 2601411 (E.D. Cal. Sept. 6, 2007); *Bueno-Watson v.*

11  *United States*, No. CIV-S-92-961-DFL, slip op. (E.D. Cal. July 2, 1993); *Van Leuven v. United*

12  *States*, No. CIV-S-97-2383-WBS, slip op. (E.D. Cal. Mar. 15, 1999); *Kozak v. United States*, No.

13  CIV-S-96-1038-WBS, slip op. (E.D. Cal. June 20, 1997); *Hughley v. United States*, No.

14  CIV-S-94-0462-WBS, slip op. (E.D. Cal. July 27, 1995).

15      Plaintiff contends in the alternative that equitable tolling should apply to her "excusable

16  neglect" in failing timely to file a judicial complaint on her amended claim, based on defendant's

17  purportedly affirmative concealment of its position that plaintiff's complaint was prematurely

18  filed.  Plaintiff argues that defendant proceeded with this action as though it remained viable, by

19  answering the complaint, and having numerous conversations with plaintiff's counsel from

20  which counsel inferred defendant's agreement with plaintiff's position that the USPS denial

21  letter referenced only plaintiff's initial filing.  Plaintiff contends that defendant merely bided its

22  time until the six-month period for filing a judicial complaint expired as to plaintiff's "amended"

23  claim, and filed the instant motion.

24      Defendant responds that plaintiff was put on notice of this matter by (1) the agency

25  denial letter, which explicitly accorded plaintiff six months within which to file a judicial

26  complaint, and (2) defendant's answer, specifically, its Second Affirmative Defense ("The Court

lacks subject matter jurisdiction over this matter"), and its Fifteenth Affirmative Defense ("This action is barred by reason of Plaintiff's failure to exhaust her administrative remedies").

The Ninth Circuit recently held, on December 8, 2008, in *Marley v. United States, supra*, 548 F.3d 1286 , that the six-month limitations period of 28 U.S.C. § 2401(b) (*see* n. 6, *supra*) is jurisdictional and therefore not subject to equitable tolling or equitable estoppel. Relying on its previous decisions, with the exception of *Alvarez-Machain v. United States*, 107 F.3d 696 (9th Cir. 1996), which it overruled, the Ninth Circuit held it was without flexibility to apply equitable doctrines to § 2401(b) because the deadline it sets is strict and therefore jurisdictional. Reviewing Senate Judiciary Committee commentary in promoting enactment of the statute in 1966, the court concluded that the purpose of the six-month deadline is to facilitate the broad administration of FTCA claims rather than to accord discretion in the handling of individual claims. Acknowledging the limited waiver of sovereign immunity under the FTCA, the court concluded that to apply equitable principles to such cases would improperly "impinge on Congress' role as regulator of the jurisdiction of the federal courts." 548 F.3d at 1292 (citations omitted).

Accordingly, no equitable considerations may countermand the necessary finding of this court that plaintiff's claim is barred by the doctrine of sovereign immunity due to plaintiff's failure to exhaust administrative remedies, and therefore this court lacks subject matter jurisdiction over this action.

<u>CONCLUSION</u>

For the foregoing reasons, defendant's motion to dismiss filed December 5, 2008, Dckt. No. 23, is hereby GRANTED. The Clerk is directed to close the case.

DATED: March 19, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE